BEFORE THE FIRST DIVISION, OCTOBER 6, 1960

No. 64658.—Aldrich Chemical Company, Inc. v. United States, protest 59/12462 (Milwaukee).

WILSON, Judge: The merchandise involved in this protest consists of a product known as "2-methylresorcinol," which was classified under paragraph 27 of the Tariff Act of 1930, as modified, at the rate of 25 per centum ad valorem and 3½¢ per pound as a coal-tar product. Plaintiff claims the merchandise in question properly free of duty under paragraph 1651 of the said act for "Coal-tar products: * * * that are found naturally in coal tar, whether produced or obtained from coal tar or other source, and not specially provided for in paragraph 27 or 28 of Title I of this Act."

Dr. Alfred Bader, owner of the importing company, and conceded to be a qualified chemist, testified on behalf of the plaintiff. He testified that he had

observed the process of isolating 2-methylresorcinol from coal tar and that the product in question occurs naturally in coal tar (R. 8). He described the process in the production of 2-methylresorcinol as follows:

\* \* \* It consists of taking midland, that is, coal mined in the neighborhood of Chesterfield, subjecting it to heating at approximately 700 degrees Fahrenheit in the absence of air and then separating by this distillation, the volatile materials. The volatile materials known as coal tars are washed with water and from the water washings, the two methylresorcinol is obtained by extraction with butyl alcohol. Finally, the butyl alcohol is removed by vacuum distillation and the 2-methylresorcinol is obtained by crystallization from toluene. This process is a very mild process which could not possibly change the physical structure of 2-methylresorcinol. Furthermore, I have taken some of the original coal tar before the washings and I have shown by infra red spectrum that the original coal tar before any extraction with butanol contains 2-methylresorcinol. \* \* \*

On cross-examination, Dr. Bader testified that the "2-methylresorcinol" occurs both in the aqueous liquor which is distilled from the coal and in the coal tar (R. 13). He further testified that the 2-methylresorcinol obtained in the process described by him was a "pure" compound—"consisting of carbon, hydrogen and oxygen" (R. 14–15) ; that the product in question is not made from resorcinol, which is one of the products enumerated in paragraph 27 of the tariff act, but that it has always been present in coal tar (R. 18) ; and that at present it has no commercial application.

Among the official papers, attached to the protest herein, we find a communication, dated June 9, 1958, addressed to the plaintiff corporation, from one Dr. Herbert F. Bondy, director of research of Coalite and Chemical Products, Limited, Chesterfield, Derbyshire, England, shipper of the involved merchandise, which states in part:

2-methyl-resorcinol is also a by-product of low temperature carbonisation. It has been recovered by extracting the carbonisation water and fractional distillation of the extract.

There were received in evidence, as plaintiff's collective exhibit 1, two photostat pages from the Journal of the Chemical Society, London, 1949, under the heading "2:4-Dimethylresorcinol," by Wilson Baker, H. F. Bondy, J. F. W. McOmie, and H. R. Tunnicliff, wherein, at page 2834, the following appears: "2-Methylresorcinol is now available from the 'Coalite' process," and two other photostat pages from the Journal of the Chemical Society, London, 1955, wherein, at page 2089, reference is made to the fact that 2-methylresorcinol is known to occur in low-temperature coal tar.

On the record presented herein, plaintiff has established, in our opinion, that the involved 2-methylresorcinol is a product which occurs naturally in coal tar. As such, it is properly free of duty under the provisions of paragraph 1651 of the Tariff Act of 1930 for "Coal-tar products: \* \* \* that are found naturally in coal tar, whether produced or obtained from coal tar or other source, and not specially provided for in paragraph 27 or 28 of Title I of this Act," as claimed.

The protest is sustained. Judgment will be rendered accordingly.